```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**EVA JOHNSON**                                                          **PETITIONER**

**VS.**                                   **CIVIL ACTION NO. 3:06CV206-WHB-JCS**
                                       **CRIMINAL ACTION NO. 3:04CR181-WHB-JCS**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

### OPINION AND ORDER

This cause is before the Court on the Motion of Petitioner Eva Johnson to Vacate, Set Aside and Correct Sentence Under 29 U.S.C. § 2255.[1]  Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion to Vacate is not well taken and should be denied.

### I.   Factual Background and Procedural History

On December 29, 2004, Johnson pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and one count of tax evasion in violation of 26 U.S.C. § 7201. Johnson's sentencing hearing took place on August 1, 2005.  She was sentenced to a term of imprisonment of thirty-one months for each of the two counts, to run concurrently.  The subject Motion to Vacate was filed by Johnson on April 7, 2006.  An Addendum to the

---

[1] Johnson is prosecuting this § 2255 Petition *pro se*. Therefore, her pleadings must be liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Motion to Vacate was filed on May 23, 2006.  The Motion to Vacate is now ripe for consideration.

## II.  Analysis

Through the Motion to Vacate, Johnson asserts an ineffective assistance of counsel claim under the Sixth Amendment to the United States Constitution, due process and equal protection claims under the Fifth and Fourteenth Amendments, and a cruel and unusual punishment claim under the Eighth Amendment.  Also, in the Addendum to the Motion to Vacate, Johnson argues that the conviction and sentence must be vacated because the Court has no subject matter jurisdiction over the case.

Without subject matter jurisdiction, this Court would have had no authority to accept Johnson's guilty plea or impose a sentence on her.  As such, the initial issue that must be considered is Johnson's subject matter jurisdiction argument.  Johnson argues that this Court lacks subject matter jurisdiction over the case because "Title 18 was never enacted into Positive law." Addendum to Petition to Vacate, p. 1.  Without the need for a detailed analysis, the Court finds that Johnson's argument on subject matter jurisdiction is without merit.  Title 18 to the United States Code was properly enacted into law, and this Court has subject matter jurisdiction over the case.

In support of the argument that her conviction and sentence should be set aside, Johnson asserts due process arguments, equal

2

protection arguments, cruel and unusual punishment arguments and ineffective assistance of counsel arguments.  The conviction and sentence in this case were imposed after Johnson pled guilty to the crimes charged against her.  In the Memorandum of Understanding pursuant to which the subject guilty plea was entered, Johnson

> expressly waive[d] the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case....

Memorandum of Understanding (docket entry no. 7), p. 4, ¶ 16.b.

In United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings."  Under the Wise holding, this Court finds that the waiver stated in ¶ 16.b. of the Memorandum of Understanding operates to waive Johnson's right to assert most of the claims stated in her Motion to Vacate.  However, an exception to the Wise holding exists for ineffective assistance of counsel claims.

In United States v. White, 307 F.3d 336, 337 (5th Cir. 2002), the court held that "ineffective assistance of counsel claims ... survive a waiver of appeal if they directly relate to the

3

voluntariness of the waiver...."[2]; <u>Wilkes</u>, 20 F.3d at 653 (citation omitted).  Under <u>White</u>, the only category of ineffective assistance of counsel claim which may be considered in a § 2255 petition involving a guilty plea is a claim which attacks the voluntariness of the plea.  In the subject case, Johnson has asserted such a claim.

 Johnson argues that entry of her guilty plea was involuntary because she was not informed of the elements of her offense, she was not informed of the elements of the plea agreement, she was informed by counsel to simply answer "yes" to all questions posed by the court, and she was mentally incompetent to understand the consequences of the guilty plea.  Johnson's support for these allegations is limited to conclusory allegations, which are not well taken by the Court.

 The undersigned presided over Johnson's plea hearing and her sentencing hearing.  The transcript of the plea hearing is filed with the Clerk of the Court under docket entry no. 8, and a transcript of the sentencing hearing is filed under docket entry no. 13.  The Memorandum of Understanding signed by Johnson is filed under docket entry no. 7.  Based on Johnson's lack of support for her argument and the contents of the plea and sentencing hearing,

---

[2] Although the <u>White</u> court refers to a "notice of appeal" in its holding, the actual issue before that court was waiver of the right to assert a claim of ineffective assistance of counsel under a § 2255 motion.

the Memorandum of Understanding, and the observations of the undersigned at the plea and sentencing hearings, the Court finds that Johnson's guilty plea was made in a knowledgeable and voluntary manner.  Therefore, the Court rejects Johnson's ineffective assistance of counsel argument based on the alleged involuntary nature of the plea.  All other arguments asserted in the Motion to Vacate are rejected as barred/waived under the holdings in <u>Wise</u> and <u>White</u>.  The Motion to Vacate must therefore be denied.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Petitioner Eva Johnson to Vacate, Set Aside and Correct Sentence Under 29 U.S.C. § 2255 (docket entry no. 1 in Civil Action No. 3:06cv206 and docket entry no. 15 in Criminal Action No. 3:04cr181) is hereby denied.

IT IS FURTHER ORDERED that the Amended Motion of Petitioner Eva Johnson to Vacate, Set Aside and Correct Sentence Under 29 U.S.C. § 2255 (docket entry no. 20 in Criminal Action No. 3:04cr181) is hereby denied.

A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the 25th day of July, 2006.

                                                 <u>s/ William H. Barbour, Jr.</u>
                                                 UNITED STATES DISTRICT JUDGE

tct